UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID GRANT MEDICAL CENTER, et. al.,<br><br>　　　　　Defendants. | No.  2:22-cv-0074 KJM DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

　　　　Plaintiff Orlonzo Hedrington is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the undersigned are plaintiff's motion to proceed in forma pauperis, requests for discovery, requests to appear at hearings via Zoom, and defendant David Grant Medical Center's motion to dismiss.  (ECF Nos. 2, 4, 9, 11, 12, 17 & 18.)

　　　　Having considered the parties' briefing, and for the reasons stated below, the undersigned will deny plaintiff's motions and recommend that the motion to dismiss be granted without leave to amend.

////

////

////

1

# BACKGROUND

Plaintiff, proceeding pro se, commenced this action on January 10, 2022, by filing a complaint and a motion to proceed in forma pauperis.[1]  (ECF Nos. 1 & 2.)  On March 22, 2022, however, plaintiff paid the applicable filing fee.[2]  The complaint alleges that on January 22, 2016, plaintiff was sexually assaulted at the David Grant Medical Center.  (Compl. (ECF No. 1) at 7.[3])  The complaint alleges generally that employees of defendants David Grant Medical Center at Travis Air Force Base and the City of Fairfield Police Department "intentionally and negligently failed to properly investigate" plaintiff's claims.  (Id. at 8-9.)  The complaint asserts a single cause of action for violation of 42 U.S.C. § 1983.  (Id. at 10.)

On March 23, 2022, plaintiff filed a request for discovery.  (ECF No. 4.)  On April 25, 2022, plaintiff filed another request for discovery.  (ECF No. 9.)  On April 26, 2022, defendant David Grant Medical Center ("DGMC") filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[4]  (ECF No. 11.)  On April 29, 2022, plaintiff filed another request for discovery.  (ECF No. 12.)  On May 24, 2022, defendant's motion was taken under submission.  (ECF No. 14.)

On May 31, 2022, and June 2, 2022, plaintiff filed requests to appear at a hearing via Zoom.  (ECF No2. 17 & 18.)  On June 3, 2022, and June 7, 2022, plaintiff filed oppositions to defendant's motion to dismiss.[5]  (ECF Nos. 19 & 21.)  Defendant filed a reply on June 27, 2022.

---

[1] Although plaintiff filed this action in the Fresno Division the matter was transferred to this Court on January 12, 2022.  (ECF No. 3.)

[2] Because plaintiff paid the applicable filing fee, plaintiff's motion to proceed in forma pauperis will be denied as having been rendered moot.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4] Defendant City of Fairfield Police Department has not appeared in this action nor has plaintiff filed proof of service on that defendant.

[5] Local Rule 230 does not permit the filing of serial oppositions.  However, in light of plaintiff's pro se status the undersigned has consider all of plaintiff's filings in evaluating defendant's motion to dismiss.

(ECF No. 22.)  Plaintiff filed more oppositions on July 12, 2022, August 3, 2022, October 17, 2022, October 26, 2022, October 28, 2022, November 1, 2022, and November 14, 2022.  (ECF Nos. 24, 26-33.)

## STANDARDS

### I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

## ANALYSIS

### I.     Defendant DGMC's Motion to Dismiss

Defendant's motion argues that the complaint's claim against defendant DGMC must be dismissed for a lack of subject matter jurisdiction. (Def.'s MTD (ECF No. 11-1) at 2.) Review of defendant's motion finds that the motion is supported by the applicable law and should be granted.

In this regard, as noted above the complaint alleges a claim for violation of 42 U.S.C. § 1983. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Here, defendant DGMC is not a person but instead is part of a federal agency, specifically the United States Air Force. (Def.'s MTD (ECF No. 11-1) at 2.) "[A] federal agency is not a 'person' within the meaning of" § 1983. Jachetta v. U.S., 653 F.3d 898, 908 (9th Cir. 2011). Accordingly, "a federal agency is . . . excluded from the scope of section 1983 liability." Hoffman v. U.S. Dept. of Housing and Urban Development, 519 F.2d 1160, 1165 (5th Cir. 1975); see also Peoples v. Navy Board Annex, No. 2:19-cv-2253 TLN AC PS, 2020 WL 1923166, at *2 (E.D. Cal. Apr. 21, 2020) ("The Navy Board Annex is a federal agency, not a state actor that may be sued under § 1983.").

Accordingly, the undersigned finds that defendant's motion to dismiss should be granted.[6]

### II.    Leave to Amend

For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith,

---

[6] In light of this finding plaintiff's various motions will be denied without prejudice to renewal.

prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988); <u>see</u> <u>also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in addition to the defects notes above, it would appear that plaintiff's § 1983 claim based on events occurring in 2016 would also be barred by the applicable statute of limitations. In this regard, § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" <u>Butler v. National Community Renaissance of California</u>, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1132 (9th Cir. 2007)); <u>see also</u> <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004). Effective January 1, 2003, in California that limitations period became two years. <u>See</u> Cal. Code Civ. P. § 335.1.

Moreover, "[i]t is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." <u>M.M. v. Lafayette School Dist.</u>, 681 F.3d 1082, 1091 (9th Cir. 2012). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" <u>Adams v. California Dep't of Health Servs.</u>, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by <u>Taylor v. Sturgell</u>, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. <u>Adams</u>, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." <u>Id.</u> at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." <u>Id.</u> at 688 (internal quotation marks and citations omitted).

Here, on June, 16, 2022, this action was related to the earlier filed actions Peter L. Fear v. United States of America, No. 2:18-cv-233 KJM DB[7], and Orlonzo Hedrington v. United States of America, et al., No. 2:31-cv-0414 KJM DB PS, as the matters involve similar questions of fact and the same question of law.  (ECF No. 20 at 2.)  Review of the complaints filed in those actions finds that the matters are so similar that they concern the same factual allegations, defendant, causes of action, and relief sought.

Accordingly, for the reasons stated above, the undersigned finds that granting plaintiff leave to amend would be futile.

**III.  Defendant Fairfield Police Department**

On April 8, 2022, the Court issued plaintiff a letter advising, in relevant part, that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed.  Here, well over 90 days have passed since the complaint was filed and summons issued.  (ECF Nos. 1 & 5.)  Nonetheless, plaintiff has failed to provide proof of service on defendant Fairfield Police Department.

> Rule 4(m) provides two avenues for relief.  The first is mandatory: the district court must extend time for service upon a showing of good cause.  The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)).  Here, plaintiff has shown neither good cause nor excusable neglect.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 10, 2022 motion to proceed in forma pauperis (ECF No. 2) is denied as having been rendered moot;

---

[7] Peter L. Fear was substituted in place of plaintiff Orlonzo Hedrington as the Trustee of the Chapter 7 Bankruptcy Estate of Orlonzo Hedrington.  Peter L. Fear v. United States of America, No. 2:18-cv-233 KJM DB (June 30, 2021).

6

2. Plaintiff's March 23, 2022 request for discovery (ECF No. 4) is denied without prejudice;

3. Plaintiff's April 25, 2022 request for discovery (ECF No. 9) is denied without prejudice;

4. Plaintiff's April 29, 2022 request for discovery (ECF No. 12) is denied without prejudice;

5. Plaintiff's May 31, 2022 request for Zoom hearing (ECF No. 17) is denied without prejudice;

6. Plaintiff's June 2, 2022 request for Zoom hearing (ECF No. 18) is denied without prejudice; and

7. Plaintiff shall show cause in writing within 14 days of the date of this order as to why defendant City of Fairfield Police Department should not be dismissed for failure to comply with Rule 4.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant David Grant Medical Center's April 26, 2022 motion to dismiss (ECF No. 11) be granted; and

2. Defendant David Grant Medical Center be dismissed without prejudice due to a lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

////

/////

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 22, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/hedrington0414.mtd.f&rs