UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON, | No. 2:22-cv-0074 KJM DB PS |
| Plaintiff, | |
| v. | |
| DAVID GRANT MEDICAL CENTER, et al., | ORDER AND<br>FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Orlonzo Hedrington is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant City of Fairfield's motion to dismiss. (ECF No. 40.)

Having considered the parties' briefing, and for the reasons stated below, the undersigned recommends that the motion to dismiss be granted and the complaint be dismissed without leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on January 10, 2022, by filing a complaint and a motion to proceed in forma pauperis.[1] (ECF Nos. 1 & 2.) On March 22, 2022,

---

[1] Although plaintiff filed this action in the Fresno Division the matter was transferred to this court on January 12, 2022. (ECF No. 3.)

however, plaintiff paid the applicable filing fee.  The complaint alleges that on January 22, 2016, plaintiff was sexually assaulted at the David Grant Medical Center.  (Compl. (ECF No. 1) at 7.[2])  The complaint alleges generally that employees of defendants David Grant Medical Center at Travis Air Force Base and the City of Fairfield Police Department "intentionally and negligently failed to properly investigate" plaintiff's claims.[3]  (Id. at 8-9.)  The complaint asserts a single cause of action for violation of 42 U.S.C. § 1983.  (Id. at 10.)

On December 23, 2022, defendant City of Fairfield filed a motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 40.)  Plaintiff filed an untimely opposition on January 23, 2023.  (ECF No. 48.)  On January 25, 2023, defendant filed a request that the court "refuse to consider" plaintiff's "belated opposition[.]"[4]  (ECF No. 49.)  On January 30, 2023, defendant's motion was taken under submission.  (ECF No. 51.)

**STANDARDS**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(5)**

Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(5).  If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant.  See Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such

////

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] Defendant David Grant Medical Center was dismissed from this action on February 8, 2023.  (ECF No. 55.)

[4] In light of plaintiff's pro se status, defendant's request will be denied.

2

circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

## II.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I. Defendant's Motion to Dismiss Pursuant to Rule 12(b)6)

Defendant's motion to dismiss argues, in relevant part, that plaintiff's complaint "is time-barred" pursuant to the applicable statute of limitations. (Def.'s MTD (ECF No. 40) at 8.) "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)).

As noted above, the complaint asserts a single cause of action for an alleged violation of 42 U.S.C. § 1983 based on events that occurred on January 22, 2016. (Compl. (ECF No. 1) at 7, 10.) Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, while the events at issued occurred in January of 2016, this action was not commenced until January of 2022, almost 4 years after the running of the statute of limitations. (ECF No. 1.)  Moreover, plaintiff has not—and apparently cannot—provide a reason as to why the running of the statute of limitations should be tolled.  In this regard, plaintiff raised these same allegations in a complaint filed in this court on August 24, 2018.  See Hedrington v. Veteran's Administration, No. 2:18-cv-2333 KJM DB.  Plaintiff again raised these allegations in a complaint filed in the Solano County Superior Court on September 18, 2020.[5]  (ECF No. 1-1 at 2.)

Moreover, even if the complaint were not barred by the statute of limitations, the complaint fails to state a claim against the defendant.  "In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016).  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable Monell claim a plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be

////

---

[5] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

established.  See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010), overruled on other grounds by Castro, 833 F.3d at 1070.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'"  Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees.  Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights.").  "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'"  Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'"  AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]"  Young v. City of

Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the complaint fails to allege any facts identifying an official policy, custom, or pattern on the part of the defendant. Instead, the complaint simply alleges in a vague and conclusory manner that "Employees at Fairfield Police Department acted under color of law[.]" (Compl. (ECF No. 1) at 11.)

Accordingly, the undersigned finds that defendant's motion to dismiss should be granted.[6]

## II. Leave to Amend

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the defects noted above, the undersigned finds that granting plaintiff leave to amend would be futile.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that defendant's January 25, 2023 request (ECF No. 49) is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant's December 23, 2022 motion to dismiss (ECF No. 40) be granted;

2. The complaint filed January 10, 2022 (ECF No. 1) be dismissed without leave to amend; and

3. This action be closed.

////

---

[6] Having found that defendant's motion to dismiss should be granted, the undersigned need to reach defendant's remaining arguments.

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within fourteen days after service of the objections.  The parties are
7 advised that failure to file objections within the specified time may waive the right to appeal the
8 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 5, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/hedrington0074.mtd.f&rs